IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YASMIN MONTANO,

        **Plaintiff,**

v.                                                                 **No. CIV 14-0634 WJ/LAM**

**PATRICK R. DONAHOE,**
*Postmaster General,*

        **Defendant.**

## STIPULATED PROTECTIVE ORDER

Upon consideration of the parties' ***Joint Motion for Entry of a Protective Order (Doc. 30)***, pursuant to 5 U.S.C. § 552a(b)(11) and Federal Rule of Civil Procedure 26(c), it is hereby **ORDERED** that:

1. Plaintiff has requested documents and materials which may contain information protected by the Privacy Act of 1974, 5 U.S.C. § 552a. In order to permit Defendant to release responsive information to Plaintiff, Defendant is authorized by this Order to release documents and other information covered by the Privacy Act, 5 U.S.C. § 552a that are relevant to the claims or defenses of any party to this action within the meaning of Federal Rule of Civil Procedure 26(b) as set forth in this Order without obtaining the prior written consent of the individuals to whom such records or information pertain. The parties agree to this Stipulated Protective Order in order to permit the Parties to release this potentially relevant information without undermining the confidentiality and privacy interests of these individuals.

2. Counsel shall designate confidential information and/or documents as CONFIDENTIAL by marking the documents in a manner that clearly indicates such designation. In addition, Plaintiff's medical records shall be designated as CONFIDENTIAL.

3. All documents and/or information designated as CONFIDENTIAL shall be used solely by counsel for the parties and counsel's agents or employees, solely for the purposes of this litigation. The documents and/or information shall be kept confidential in accordance with this Order by Plaintiff and their attorneys and Defendant's attorneys, and shall not be disclosed or made available to anyone except as specifically provided in this Order, or by such further Order as the Court may enter.

4. The documents and/or information that may be disclosed without further Court approval extend only to the following:

   i. the Court, as exhibits to motions or as trial exhibits subject to the provisions of paragraph 5 below,

   ii. Plaintiffs and Defendant and their attorneys of record and agency counsel in this action, and their agents and employees, and

   iii. persons retained by, or at the request of, attorneys of record to assist in this case, including but not limited to attorneys, physicians, economists and other consultants or experts.

Any person provided with access to documents and/or information subject to this Order shall be informed that it is confidential and subject to the Order of the Court.

5. The parties to this Stipulated Protective Order may file with the Clerk any portion of discovery materials containing CONFIDENTIAL documents and/or information designated as subject to this Order in a redacted form or under seal.  If the parties intend to file any motion, opposition, reply or any other filing prior to trial and attach thereto, or set forth therein, any portion of the information that is subject to this Order, the information shall be filed under seal

with the court in a manner to exclude from the public record the information subject to this Order.

6. It shall be the responsibility of the attorneys of record in this action to employ, consistent with this Order, reasonable measures to control duplication of, access to, and distribution of the documents and materials subject to this Order.

7. Except as provided herein, no person having access to material designated as subject to this Order shall make public the disclosure of any of the material by any means, whether orally, in writing, through publication, or otherwise, without further Order of the Court or authorization of the Defendant.

8. All documents and copies of documents designated as subject to this Order shall be destroyed or returned to counsel for the producing party within ninety (90) days of the conclusion of all trial and appellate proceedings in this case unless required for attorney conduct and file handling. If the documents are destroyed, counsel shall so notify counsel for the producing party in writing. This provision shall not apply to:

    i. documents for which the party's designation has been withdrawn or terminated,

    ii. documents filed pursuant to paragraph five, and

    iii. documents that have been introduced at trial.

9. Nothing contained in this Order shall be construed as precluding the parties to the stipulation from introducing materials which are subject to this Order, or the contents thereof, into evidence at trial of this case.

10. Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by a letter from counsel making the designation to the opposing party or by an Order of the Court entered *sua sponte* or on the motion of any party.

11. This Order does not constitute a ruling on the question whether any particular record is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability of any record, other than objections based on the Privacy Act.

12. Each party reserves the right to seek to modify the terms of this Order at any time, and each party reserves the right to oppose any motion to modify the terms of this Order.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
_____
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**


SUBMITTED AND APPROVED BY: *(Prior to modification by the Court)*

*/s/ Erin E. Langenwalter*
ERIN E. LANGENWALTER
Assistant United States Attorney
*Attorney for Defendants*

-and-

*Approved via Email*
AMELIA P. NELSON
APNLAW LLC

PIA GALLEGOS
Pia Gallegos Law Firm, P.C.
*Attorneys for Plaintiff*