IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YASMIN MONTANO,

      Plaintiff,

v.                                              No. CIV-14-0634 WJ/LAM

PATRICK R. DONAHOE,
Postmaster General,

      Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF [Ms.] ROSS-RAWLINS [*Doc. 52*]

**THIS MATTER** is before the Court on *Plaintiff's Motion to Compel Deposition of [Ms.] Ross-Rawlins (Doc. 52)*, filed August 4, 2015. Defendant filed a response to the motion on August 19, 2015 [*Doc. 56*], and Plaintiff filed a reply on September 8, 2015 [*Doc. 60*]. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion should be **DENIED**.

In this case, Plaintiff brings claims for sexual harassment and retaliation (Claims I - IV), and for Discrimination and Retaliation/Reprisal Based on Protected Activity, and Whistleblower Protection Retaliation and Violations, in violation of the United States Post Office Employee Labor Manual (Counts V and VI). [*Doc. 1* at 10-21]. In her motion, Plaintiff asks the court to compel the telephonic deposition of Executive Postmaster of Charlotte, North Carolina, LaGretta Ross-Rawlins. [*Doc. 52* at 1]. Defendant states in his response to the motion that he opposes setting the deposition because Plaintiff failed to timely notice the deposition (*Doc. 56*

at 1-6), and because the burden and prejudice to Defendant of providing Ms. Ross-Rawlins' testimony outweighs the need for her testimony (*id.* at 6-9).

The close of discovery in this case was originally set for May 29, 2015 (*see Doc. 16* at 1), and, on April 20, 2015, this deadline was extended at the request of the parties to July 10, 2015 (*see Docs. 35* and *38*). On June 25, 2015, the parties filed a joint motion for a four-week extension of time to solely take the depositions of four people: Michael Flores, Humberto Trujillo, Eric Setter, and Rob Roark (*Doc. 44* at 1), which was granted by the Court (*Doc. 46*). In her motion to compel, Plaintiff notes that the deposition of Ms. Ross-Rawlins was not included in the list of people for whom the parties sought an extension of the discovery deadline. [*Doc. 52* at 2]. However, Plaintiff states that, since "the Court fashioned its own form of Order" and did not include the names of the people the parties asked to depose, "Plaintiff reassessed her deposition needs" and determined that she needed the deposition of Ms. Ross-Rawlins. *Id.* at 2-3. Therefore, Plaintiff contends that her request to take Ms. Ross-Rawlins deposition is not untimely. *Id.* at 3. The Court finds this line of reasoning unpersuasive. The Court's order granting the parties' stipulated motion to extend the discovery deadline for the sole and specific purpose of deposing four individuals did <u>not</u> extend the discovery deadline for all purposes just because the four individuals were not named in the order. The Court's order granting the parties' motion is necessarily limited to the relief requested by the parties in their motion. Moreover, Defendant states that "had the deposition of Ross-Rawlins been included among the depositions contemplated, Defendant would not have concurred in the requested extension of time." [*Doc. 56* at 2]. Therefore, Plaintiff failed to set the deposition of Ms. Ross-Rawlins within the discovery period in this case which expired on July 10, 2015. Plaintiff's failure to include Ms.

Ross-Rawlins' deposition in the parties' motion to extend discovery for the sole and limited purpose of conducting specific depositions is Plaintiff's mistake which cannot be rectified by arguing for an interpretation of the Court's order beyond that which the parties requested and the Court intended.

In addition, Plaintiff fails to set forth any reason for her delay in noticing Ms. Ross-Rawlins' deposition within the discovery period, and states that she was aware of Ms. Ross-Rawlins' connection to this case as early as May 8, 2015.  *See* [*Doc. 52* at 1] (noting that Plaintiff's counsel requested the deposition of Ms. Ross-Rawlins in an e-mail to Defendant's counsel on May 8, 2015).  While Plaintiff states that Defendant failed to respond to the e-mail, Plaintiff fails to explain why she did not notice the deposition after waiting a reasonable amount of time after requesting Defendant's concurrence, which is all that is required under Fed. R. Civ. P. 30(b)(1) and Local Rule 30.1.  For these reasons, the Court finds that Plaintiff's motion should be denied.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Compel Deposition of [Ms.] Ross-Rawlins (Doc. 52)* is **DENIED**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**