IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YASMIN MONTANO,

        Plaintiff,

v.                                               No. CIV-14-0634 WJ/LAM

PATRICK R. DONAHOE,
Postmater General,

        Defendant.

## ORDER DENYING WITHOUT PREJUDICE
## PLAINTIFF'S MOTION TO COMPEL [*Doc. 51*]

**THIS MATTER** is before the Court on *Plaintiff's Motion to Compel (Doc. 51)*, filed July 21, 2015. Defendant filed a response to the motion on August 7, 2015 [*Doc. 53*], and Plaintiff filed a reply on September 8, 2015 [*Doc. 61*]. In addition, having obtained leave of Court [*Doc. 63*], Defendant filed a surreply on September 18, 2015 [*Doc. 65*]. Having considered the motion, response, reply, surreply, record of this case, and relevant law, the Court **FINDS** that the motion should be **DENIED without prejudice**.

In this case, Plaintiff brings claims for sexual harassment and retaliation (Claims I - IV), and for Discrimination and Retaliation/Reprisal Based on Protected Activity, and Whistleblower Protection Retaliation and Violations, in violation of the United States Post Office Employee Labor Manual (Counts V and VI). [*Doc. 1* at 10-21]. In her motion to compel, Plaintiff contends that Defendant failed to adequately respond to: Request for Production ("RFP") Nos. 10, 19, 20, 21, and 22 [*Doc. 51* at 2-7]; Interrogatory No. 4 and RFP No. 1[32] (*id.* at 8-11); RFP Nos. 3, 4, 5, 14, 16, 17, 24, 30, 31, and 2 [No. 33] (*id.* at 11-15); and Interrogatory No. 11 (*id.*

at 11).  In response, Defendant contends that it has either produced much of the requested information (*see Doc. 53* at 6 and 9-11), or that the requests are overly broad or are not relevant (*see id.* at 7 and 10-11).  In reply, Plaintiff states that, after Defendant's supplemental responses, Plaintiff is still seeking a certain set of e-mails that concern Plaintiff but are addressed to persons other than Plaintiff (*see Doc. 61* at 6-8), as well as information from several of her other discovery requests (*see id.* at 10-20).  In Defendant's surreply, Defendant contends that Plaintiff's requests for production of the e-mails, even after narrowing the information that is being sought, are overly broad and unduly burdensome.  [*Doc. 65* at 6].

On September 18, 2015, Defendant filed a motion to dismiss Counts V and VI [*Doc. 66*], and motions for summary judgment on Counts I and III [*Doc. 67*] and Counts II and IV [*Doc. 68*].  On October 30, 2015, Plaintiff filed an unopposed motion to dismiss Counts V and VI [*Doc. 78*], and responses to the motions for summary judgment [*Docs. 76* and *77*].  In Plaintiff's responses to the motions for summary judgment, she states that she requires the discovery requested in her motion to compel prior to being able to fully respond to certain portions of the motions for summary judgment, and she asks the presiding judge to defer a decision on the motions for summary judgment until the motions to compel have been ruled on.  *See* [*Doc. 76* at 19-20] and [*Doc. 77* at 13].  Plaintiff also states that she has attached Rule 56(d) affidavits in support of her requests (*see Doc. 76* at 19 and *Doc. 77* at 13), but no affidavits were attached.[1]

The Court finds that Plaintiff's motion to compel should be denied without prejudice because the issues in this motion overlap with Plaintiff's Rule 56(d) requests made within her responses to Defendant's motions for summary judgment.  It would, therefore, be inappropriate for the undersigned to make a determination on whether Plaintiff is entitled to this discovery when

---

[1] The Court notes that Plaintiff filed an unopposed motion to exceed page limits for the exhibits to her responses to the motions for summary judgment [*Doc. 79*], so Plaintiff's affidavits may be included in these exhibits if Plaintiff is granted leave to exceed the page limits.

a similar request is currently before the presiding judge who will determine what relevant discovery will be needed for disposition of these summary judgment motions.  In addition, the Court notes that the disposition of Defendant's motions for summary judgment may dispose of all of Plaintiff's claims in this case, which further supports a finding that Plaintiff's motion to compel should be denied at this time.   For these reasons, the Court finds that the motion to compel should be denied without prejudice and that Plaintiff may re-file the motion to compel if it is still necessary after the motions for summary judgment are resolved.  The Court further finds that Plaintiff's deadline under Local Rule 26.6 to file a motion to compel with regard to Defendant's objections to Plaintiff's discovery requests is hereby waived as to the specific objections raised in Plaintiff's motion to compel in the event Plaintiff needs to re-file her motion to compel.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Compel (Doc. 51)* is **DENIED without prejudice**.

**IT IS SO ORDERED.**

_Lourdes a. Martinez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**