IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YASMIN MONTANO,

    Plaintiff,

v.       Civ. No. 14-cv-634 WJ/GJF

PATRICK R. DONAHOE,

    Defendant.

## ORDER

This matter is before the Court upon the referral of U.S. District Judge William P. Johnson, asking the undersigned "to address and rule on Plaintiff's request for additional discovery pursuant to Rule 56(d)." Order, Mar. 21, 2016, ECF No. 97. The Court held a hearing on Plaintiff's request on April 7, 2016. *See* ECF No. 98. Having entertained argument from the parties, reviewed the attendant briefing and applicable law, and being fully advised, the Court will GRANT in part and DENY in part Plaintiff's request for additional discovery.

**I.   BACKGROUND**

The following derives from Defendant's undisputed material facts. Def.'s Mot. Summ. J. 3-4, ECF No. 67.

Plaintiff began work for the United States Postal Service ("USPS") in June 1985. From 2001 to 2010, Plaintiff served as the Manager Post Office Operations ("MPOO") in different areas throughout New Mexico. On July 11, 2011, Plaintiff was offered the position of Postmaster of Santa Fe, New Mexico, which she accepted.

1

Plaintiff's former fellow MPOO, Michael Flores ("Flores"), was hired as the MPOO 25 (highest level) and assumed a supervisory position over Plaintiff. Plaintiff alleges that when Flores became her supervisor he immediately began a campaign of sex discrimination and harassment against Plaintiff. Additionally, Plaintiff alleges that Flores immediately demonstrated his hostility against her based on her sex.

On January 30, 2012, Plaintiff initiated an Equal Employment Opportunity ("EEO") charge, #4E-852-0063-12, against Flores, alleging race, color, sex discrimination and harassment stemming from Flores's verbal threats and repeated and unfounded investigative interviews. Plaintiff rescinded that charge on February 13, 2012. Between February 13, 2012, and March 6, 2013, Plaintiff alleges she was subjected to demeaning and harassing conduct by Flores, including, *inter alia*, being sent a "coach" to train her as Postmaster, being denied training, yelled at, blacklisted for other job opportunities, degraded, and micro-managed. On March 6, 2013, Plaintiff filed EEO Charge, Case No. 4E-852-0037-13, alleging race, color, sex, and age discrimination and harassment, and retaliation based on prior EEO Activity.

Beginning in April or May of 2013, while Flores was serving a detail in Long Beach, California, Humberto Trujillo ("Trujillo") served as the acting MPOO. Plaintiff alleges Trujillo also treated her in a hostile and unprofessional manner with the intent to discredit Plaintiff, including speaking negatively about her and other women of color to the District Manager, disciplining Plaintiff, refusing to pay her son (also a USPS employee) when he used sick leave, advising her she would be fired her if she did not do what Trujillo ordered her to do, and setting unreasonably high performance expectations for her.

Plaintiff further alleges that Flores made inappropriate and negative statements about her,

including discriminatory comments and admonishments related to her sex, race, national origin and expected gender stereotypes, sexualizing Plaintiff, and making gender-based remarks related to his distaste of her management style. Similarly, Plaintiff alleges that Trujillo treated Plaintiff with disdain and in a harassing manner, while also consistently threatening her termination.

## II.     PROCEDURAL HISTORY

After exhausting her administrative remedies and obtaining a "right to sue" letter [ECF No. 70, Ex. 5 at 15], Plaintiff filed her Complaint in U.S. District Court on July 10, 2014. ECF No. 1. Defendant filed his Answer on September 22, 2014. ECF No. 11. Discovery was initially scheduled to close on May 29, 2015 [ECF No. 16], but upon a joint motion of the parties [ECF No. 44], the discovery deadline was extended to August 7, 2015. ECF No. 46.

On July 21, 2015, Plaintiff filed a motion to compel production of the following:

**A. Emails and Notes (Request for Production ("RFP") Nos. 10, 19, 20, 21, and 22)**

1. All emails between Flores and Plaintiff, and all notes by Flores concerning Plaintiff from April 1, 2013, through June 8, 2013;

2. All emails and notes between DiPeri and Flores that concern Plaintiff from August 1, 2012, to present;

3. All emails between Trujillo and Plaintiff, and all notes by Trujillo concerning Plaintiff, from March 1, 2013, to June 8, 2013;

4. All emails and notes between DiPeri and Trujillo that concern Plaintiff from March 1, 2013, to present; and

5. All emails and notes pertaining specifically to Plaintiff from and to HR Manager Lerene[1] Wiley.

---

[1] Plaintiff alternatively spells Ms. Wiley's name as "Lorraine" and "Lerene" throughout her pleadings. Having no knowledge as to which is correct, the Court has simply elected to use the form Lerene. Should Ms. Wiley's name in fact be spelled "Lorraine," any reference to Lerene Wiley also applies to Lorraine Wiley.

Pl.'s Mot. to Compel 7, ECF No. 51.

**B. Complaint and Grievance Materials (Interrogatory No. 4 and RFP No. 1[32])**

1. All documents related to complaints, grievances, and incident reports brought against or concerning Trujillo, Flores, and/or DiPeri for allegations of harassment, hostile work environment, sex discrimination and/or retaliation from the beginning of their employment with the USPS to present.

*Id.* at 8-11.

**A. Job Postings, Disciplinary Actions, and Disciplinary Reports (RFP Nos. 3, 4, 5, 14, 16, 17, 24, 30, 31, and 2 [No. 33]; and Interrogatory No. 11)**

1. All documents concerning filling the vacancy of the MPOO 25 position in Texas that was filled on about October 31, 2012.

2. All documents concerning filling the vacancy of the position of Postmaster of Albuquerque, which was filled on or about about March 2013;

3. All available and posted USPS managerial positions located in the New Mexico, Nevada, Texas, Colorado and Arizona regions from 2011 to present;

4. The personnel and/or employee files for Flores, Trujillo, and DiPeri;

5. All letters of instruction, letters of warning, written verbal warnings, disciplinary actions, incident reports, and job descriptions of Trujillo, Flores, and DiPeri;

6. All documentation related to investigative interviews against Plaintiff instigated by Flores; and

7. All OIG preliminary reports, final reports, and background materials including interviews and statements of investigations into multiple areas in New Mexico from 2009 to present.

*Id.* at 11-15.  Defendant filed its response to Plaintiff's motion [ECF No. 53], and Plaintiff replied in turn [ECF No. 61].  Notably, Defendant then sought and obtained permission to file a sur-reply to the motion.  ECF Nos. 62, 63, 65.  On September 18, 2015, the same day Defendant

filed his sur-reply, he also filed three separate dispositive motions, including one motion to dismiss and two motions for summary judgment. ECF Nos. 66-68.

In response to the motions for summary judgment, Plaintiff has sought to invoke the protections of Federal Rule of Civil Procedure 56(d),[2] asserting that she requires the discovery requested in her Motion to Compel prior to being able to respond to portions of Defendant's motions for summary judgment. *See* Pl.'s Resp. Mot. Summ. J. 19-20, ECF No. 76. *See also* FED. R. CIV. P. 56(d) (allowing nonmovant to show by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition to a motion for summary judgment). Further, Plaintiff asks the presiding judge to defer a decision on the motions for summary judgment until the motions to compel have been ruled on. Pl.'s Resp. Mot. Summ. J. 20, ECF No. 76; Pl.'s Resp. Mot. Summ. J. 13, ECF No. 77. *See also* Fed. R. Civ. P. 56(d)(1) (allowing a trial court to defer considering a motion for summary judgment or deny it when facts are unavailable to a nonmovant).

The merits of Plaintiff's Motion to Compel [ECF No. 51] remain unadjudicated. On November 2, 2015 – the next business day after Plaintiff filed her responses to the motions for summary judgment and urged relief under Rule 56(d)[3] - U.S. Magistrate Judge Lourdes Martinez found that "the issues in [Plaintiff' Motion to Compel] overlap with Plaintiff's Rule 56(d) requests made within her responses to Defendant's motions for summary judgment." Order, Nov. 2, 2015 at 2, ECF No. 81. As a consequence, Judge Martinez ruled "that the motion to

---

[2] Plaintiff initiated Rule 56(d) proceedings by the filing of her attorneys' affidavits on November 6, 2015. ECF No. 85, Exs. S, W.
[3] Plaintiff's responses were filed on Friday October 30, 2015. ECF Nos. 76, 77. The Order denying her Motion to Compel [ECF No. 51] was filed the following Monday, November 2, 2015. ECF No. 81.

compel should be denied without prejudice and that Plaintiff may re-file the motion to compel if it is still necessary after the motions for summary judgment are resolved." *Id.* at 3.

On March 21, 2016, U.S. District Judge William P. Johnson entered an Order of Reference in the instant matter. Specifically, Judge Johnson tasked this Court with addressing and ruling on Plaintiff's request for additional discovery pursuant to Rule 56(d), and in doing so, asked this Court to not only review the request for additional discovery contained in Plaintiff's summary judgment responses, but also her Motion to Compel [ECF No. 51].

To carry out Judge Johnson's Order, this Court held a discovery hearing on April 7, 2016. *See* ECF No. 98. Outstanding disputes were narrowed beforehand by two means. First, this Court ordered Plaintiff to prepare argument on the following:

(1) Why she believes the documents and other materials she is seeking actually exist;

(2) Why they are "essential" in justifying her opposition to the pending motions for summary judgment, *see* FED. R. CIV. P. 56(d);

(3) How she intends to supplement her responses to those motions with these materials if the Court compels their production; and

(4) How much additional time she will need to supplement her responses to those motions.

Order, Mar. 31, 2016 at 1-2, ECF No. 98. Additionally, the parties were ordered to file a joint statement identifying precisely which portions of Plaintiff's Motion to Compel [ECF No. 51] remained disputed and relevant to Plaintiff's Rule 56(d) request. *Id.* at 2.

### III.   ISSUES PRESENTED

Prior to this Court entertaining argument, the parties abandoned or otherwise resolved disputes over RFPs 16, 17, 24, 30, 31, and 2[33]. ECF No. 99 at 5. As a consequence, the Court need only consider three categories of Plaintiff's discovery requests: (1) emails and notes; (2)

complaints and grievances; and (3) personnel and employee files. *Id.* at 1-5. Following a review of the law governing the Court's Rule 56 inquiry, the Court will discuss and issue findings on each of these requests *seriatim.*

## IV. APPLICABLE LAW

Federal Rule of Civil Procedure 56(d) allows for limited discovery relating to a motion for summary judgment "when facts are unavailable to the nonmovant." FED R. CIV. P. 56(d). The Rule is based on the general principle that "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). Although Rule 56(d) enables a party to obtain discovery in order to respond to a motion for summary judgment, it "is not a license for a fishing expedition," *Lewis v. Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990), and there is no requirement that all discovery be completed before summary judgment may be entered. *See Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 784 (10th Cir. 2000).

As a general rule, a party opposing summary judgment may not invoke Rule 56(d) "by simply stating that discovery is incomplete." *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007). Instead, "[a] party seeking to defer a ruling on summary judgment . . . must 'file an affidavit that explain[s] why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts.'" *Id.* (quoting *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)). Having identified the unavailable facts and the steps taken to obtain them, the party must then "show how additional time will enable him to rebut [the]

movant's allegations of no genuine issue of fact." *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013) (quoting *Trask*, 446 F.3d at 1042); *see also Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).

"The protection afforded by [Rule 56(d)] . . . is designed to safeguard against a premature or improvident grant of summary judgment." *Guthrie v. Sawyer*, 970 F.2d 733, 738 (10th Cir. 1992) (quoting *Pasternak v. Lear Petroleum Exploration, Inc.*, 79 F.2d 828, 833 (10th Cir. 1986)). This protection is crucial, as summary judgment constitutes "drastic" relief that "should be applied with caution to the end that litigants will have a trial on bona fide factual issues." *Morrison Flying Serv. v. Deming Nat'l Bank*, 340 F.2d 430, 432-33 (10th Cir. 1965). As such, courts have long been required to ensure that motions under Rule 56(d) are "liberally treated" unless the party seeking relief under that provision has been dilatory or the motion otherwise lacks merit. *See Campbell*, 962 F.2d at 1522 (citation omitted); *see also King Airway Co. v. Pub. Tr. of Routt Cnty., Colo.*, 111 F.3d 140, 1997 WL 186256, at *5 (10th Cir. Apr. 17, 1997) (unpublished table decision) ("[B]ecause the purpose of Rule 56[(d)] 'is to provide an additional safeguard against an improvident or premature grant of summary judgment,' the rule should be applied with a spirit of liberality.'" (quoting 10A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: § 2740 (2d ed. 1983))). Nevertheless, "if the party filing the Rule 56[(d)] affidavit has been dilatory, or the information sought is either irrelevant to the summary judgment motion or merely cumulative, no extension will be granted." *Jensen v. Redev. Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993).

## V. ANALYSIS

Mindful of the principles underlying Rule 56(d) and cognizant of the peculiar procedural

history of this case, the Court finds that granting Plaintiff relief under Rule 56(d) is appropriate. This ruling, however, is not without limitation.  To the contrary, the Court will grant Plaintiff relief only as to those emails and notes identified in the parties' joint statement [ECF No. 99], and only within the narrow parameters and subject to the protections discussed at the hearing of April 7.  The Court makes this ruling for several reasons.

First, Plaintiff has complied with the procedural requirements of Rule 56(d).  Through her attorneys, Plaintiff has filed two separate affidavits explaining why facts precluding summary judgment cannot be presented.  ECF No. 85, Ex. S at 1, Ex. W. at 1.  As recounted by Plaintiff's attorney, Ms. Nelson:

> Defendant still has not produced emails *concerning* [Plaintiff] which are addressed to persons *other than* [Plaintiff].  For example, Defendant has produced *no* emails relating to [Plaintiff]: between Mr. Flores and Mr. Trujillo, between Mr. Flores and his supervisor Mr. DiPeri, or from the account of Human Resources Manager Lerene Wiley.

ECF No. 85, Ex. W at 2.  *See Trask*, 446 F.3d at 1042 (holding that a plaintiff must explain why facts precluding summary judgment cannot be presented).  Plaintiff's diligence in attempting to obtain these emails is not only articulated by counsel's reference to Plaintiff's Motion to Compel [ECF No. 85, Ex. W at 2], but by a basic review of the case's docket.  Moreover, the equities in this case are made evident by defense counsel's admission that *none* of the emails described above have even been reviewed by Defendant, much less produced.  *See* ECF No. 100 at 4.

By Ms. Nelson's estimation, "[t]he missing emails are those that are more likely to lead to relevant evidence of motive based on sex, motive based on retaliation and pretext."  ECF No. 85, Ex. W at 2.  Despite defense counsel's assertion that these requests for emails and notes are

9

neither essential nor specific enough to meet the rigors of Rule 56(d) [ECF No. 100 at 5], the fact that the communications remain a mystery – even to defense counsel – weighs in favor of allowing Plaintiff this discovery to fully respond to Defendant's motions for summary judgment.

Based on the briefs and hearing of April 7, this Court is convinced that Plaintiff has diligently sought relevant information through the ordinary discovery rules, including filing a motion to compel.  The Court is further convinced that Plaintiff should be permitted to review certain limited categories of email correspondence to determine whether any of it is essential to her ability to fully respond to the motions for summary judgment.  While Defendant maintains that there is nothing in any of the emails in question that could assist Plaintiff in this endeavor, the strength of Defendant's position is weakened by his concession that he does not know what is in the emails either.  It may well be that Defendant ultimately is correct – that there is no evidence derived from the emails that is beneficial to Plaintiff in defending against summary judgment.  But, the fact remains that no one – on either side of this case – has taken a look at what at least appears to be a promising source of potential evidence.  Based on the governing law, Plaintiff's diligence in seeking this material during the discovery period, and defense counsel's assurances that these emails could be produced for inspection by Plaintiff's counsel within two weeks, the Court is persuaded that Rule 56(d) entitles Plaintiff to relief.

Therefore, the Court **GRANTS** in part Plaintiff's motion for additional discovery under Rule 56(d) as to following materials:

1. **Lerene Wiley's emails from January 15, 2012, to June 30, 2013, with the words Yasmin and/or Montano.**

2. **John DiPeri's emails from January 15, 2012, to June 30, 2013, with words Yasmin and/or Montano.**

>    3.  **Humberto Trujillo's emails March 1, 2013, to June 30, 2013, with the words Yasmin and/or Montano.**
>
>    4.  **Michael Flores's emails from February 1-28, 2012, with the words Yas, Yasmin, and/or Montano.**
>
>    5.   **Michael Flores's emails from August 1, 2012, to June 30, 2013, with the words Yas, Yasmin, and/or Montano.**

Defendant shall produce to Plaintiff, **no later than April 26, 2016**, the email cache generated by the search terms detailed above.[4]

No later than **April 19, 2016**, Defendant shall send to Plaintiff's counsel an "Attorneys Eyes Only Agreement," with a "clawback" provision, that precludes any person or entity other than Plaintiff's counsel, Ms. Amelia Nelson, from reviewing the emails produced unless and until the court permits broader access.  **This restriction forbids review by anyone else, including Plaintiff herself**.  The "clawback" portion of the agreement is designed to protect Defendant from being deemed to have waived any privilege by turning over the emails without first performing a privilege review.  This agreement is intended to produce material to Plaintiff's counsel for an expedited determination of whether there are any emails that are essential to supplementing her opposition to summary judgment.

The Court hereby **DENIES** Plaintiff's request for additional discovery as to the following materials:

---

[4] The emails sought by Plaintiff from Michael Flores from June 1, 2015, to July 31, 2015 [ECF No. 99 at 2], are not part of this cache.  These actions took place a year after the filing of this lawsuit, and could not have given rise to its claims.  Thus, these emails are not essential to Plaintiff's ability to respond to Defendant's motions for summary judgment, and the motion to compel these materials is DENIED.

### A. Complaints and Grievances

The Court is not persuaded that additional discovery of complaints or grievances against any of the individuals named in the parties' joint statement is essential to Plaintiff crafting a response to the motions for summary judgment. At the hearing, Plaintiff's counsel acknowledged that the discovery already produced sufficiently allowed her to question the witnesses during deposition. ECF 100 at 6-7. Moreover, even after Defendant had produced materials responsive to this request, Plaintiff made no mention of them in either of her responses to the motions for summary judgment. *See* ECF Nos. 76, 77. Therefore, additional information on complaints and grievances cannot be "essential" to Plaintiff's ability to respond to Defendant's motions.[5] The request for these materials is denied.

### B. Personnel and Employee Files

Based on available facts, it appears that Defendant has produced all personnel files in his possession. ECF 100 at 8. Plaintiff had the opportunity to depose both Trujillo and Flores on the contents of these files, and yet made no mention of these files in her responses to the motions for summary judgment. *See* ECF Nos. 76, 77. Because the additional information requested cannot be "essential" to Defendant's responses, the request for it will be denied.

### C. Conceded Matters

#### a. Information on other available positions

At the hearing on this matter, Plaintiff's counsel agreed that additional discovery on this subject would not be relevant. This matter has been conceded, and the request is denied.

---

[5] Notably, Plaintiff withdrew her own request for additional complaint and grievance material as to Mr. DiPeri in her Reply to her Motion to Compel. Pl.'s Reply 17, ECF No. 61.

b.  **Investigative interviews**

When queried by this Court, Plaintiff conceded that she knows from other information disclosed that interviews were conducted. Indeed, Plaintiff participated in the interviews, and Flores was asked about them in his deposition. Based on Plaintiff's own theory of the case, the content of the interviews is irrelevant to responding to the motions for summary judgment, as Plaintiff contends that she never should have been subjected to the interview at all, and that making her do so (irrespective of content) was harassment. When pressed on this issue, Plaintiff's counsel admitted that these matters are less relevant under Rule 56(d). The Court agrees and hereby denies this request.

VI.   **CONCLUSION**

For the foregoing reasons, Plaintiff's request for additional discovery under Federal Rule of Civil Procedure 56(d) is **GRANTED IN PART** and **DENIED IN PART** as specified above.

IT IS SO ORDERED.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE